UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
AURORA LED TECHNOLOGY, INC. and
SHENZHEN AURORA TECHNOLOGY CO.,
LTD.,

Civil Action No: 1:18-cv-1866

                  Plaintiffs,           Complaint

    -against-                      Jury Trial Demanded

PUTCO, INC.,

                  Defendant.
--------------------------------------------------------X

      Plaintiffs Shenzhen Aurora Technology Co., Ltd. ("Aurora") and Aurora LED

Technology, Inc. ("Aurora LED") file this Complaint against defendant Putco, Inc. ("Putco"),

wherein Aurora and Aurora LED seek a declaratory judgment of non-infringement, invalidity,

and unenforceability of Unites States Patent No. 9,243,796B1 (the "'796 Patent") pursuant to the

Declaratory Judgment Act, U.S.C. §§ 2201 and 2202, and the patent laws of the United States,

35 U.S.C. § *1 et seq.*, and seek a judgment of infringement by Putco of Aurora's U.S. Patent No.

US D808,049S (the "'049 Patent") pursuant to 35 U.S.C. §§ 271 and 281, and damages resulting

therefrom pursuant to 35 U.S.C. § 284, and seek a judgment against Putco for tortuously

interference with contractual relationships under New York common law, committing deceptive

acts and practices under New York General Business Law § 349, committing unfair competition

under New York common law and 15 U.S.C. § 1125(a) and such other relief as the Court deems

just and proper, and in support thereof allege as follows:

## The Parties

      1.     Aurora is a corporation organized and existing under the laws of People's

Republic of China with a principal place of business at 4D-4F, Baoling Building, Danzhutou,

Longgang District, Shenzhen City, Guangdong Province, China. Aurora manufactures its light-emitting diode ("LED") products in China and, through a subsidiary, has sales office in New York, United States.

2.     Aurora LED is a New York corporation with a principal place of business at 136-33 37th Avenue, 9th Floor, Flushing, NY 11354. It is a subsidiary of Aurora in the United States.

3.     Upon information and belief, Putco is an Iowa corporation with a principal place of business at 5701 NE 22nd Street, Des Moines, Iowa, 50313. Putco conducts substantial and continuous business in this district and is subject to personal jurisdiction in this district.

### Jurisdiction and Venue

4.     Plaintiffs' federal law claims are predicated upon the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the U.S. Patent Act, 35 U.S.C. § 1 *et seq.* and the Lanham Act, 15 U.S.C. § 1125 *et seq*.

5.     Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. §§ 2201 and 2202.

6.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 for substantial and related claims brought under the statutory and common law of the State of New York.

7.     This Court has *in personam* jurisdiction over Putco because Putco conducts continuous, systematic, and routine business within this judicial district and/or because Putco has committed tortious acts in this district.

8.     Venue in this district is proper under 28 U.S.C. § 1391(b) and (c).

**Patents-in-Suit**

9.      The '796 Patent, entitled "LED Lamp With A Flexible Heat Sink," names on its face James P. Elwell and Trent Quick as inventors and states that it was issued on January 26, 2016 to assignee Putco, Inc. See **Exhibit A**.

10.     The '049 Patent, entitled "LED Car Light," names on its face Qingbo Xie, as inventors and states that it was issued on Jan.16, 2018 to assignee Shenzhen Aurora Technology Co., Ltd. See **Exhibit B**.

**Background**

11.     Aurora is a leading manufacturer and supplier of LED products, with customers around the world, including this district.

12.     Aurora's products include LED off-road light bars, LED working lights, LED round lights, LED marine lights and LED scene lights (collectively, "Aurora LED Products").

13.     Aurora successfully competes against Putco, who is also in the business of manufacturing and supplying LED products.

14.     Putco has been aggressively sending emails and letters with threats of litigation to Aurora and Aurora LED's customers in the United States and Canada.

15.     For example, in one letter sent by Putco to Aurora and Aurora LED's customer, Putco claimed that Aurora's product was infringing on Putco's U.S. and Canada patents.

16.     On December 8, 2017, Putco's attorneys sent a letter to Aurora's attorneys, alleging that Aurora LED Products were infringing on Putco's U.S. '796 Patent and threatening to file legal action if Aurora "choose[s] to import product[s] into the United States and/or sell products to others in the United States." A copy of the letter is annexed herewith as **Exhibit C**.

17.     As a result of Putco's false and reckless allegations of patent infringement, and Putco's systematic and aggressive pursuit of Aurora, Aurora's customers, and other third parties in the LED industry through threats of litigation have created a substantial and immediate dispute between Aurora, Aurora LED and Putco relating to the '796 Patent.

18.     Upon information and belief, Putco has made, used, offered to sell, sold within the United States, and has imported into the United States, products that were covered by the '049 Patent, including but not limited to at least the following LED products: Prolux Zero Space and  F1 LED kit (the "Putco Infringing Products").

**Count I**
**Declaratory Judgment of Non-infringement of the '796 Patent**

19.     Aurora and Aurora LED reallege and incorporate herein by reference Paragraphs 1 through 18 of this Complaint.

20.     Putco has been systematically and aggressively pursuing Aurora, Aurora's customers, and other third-parties in the LED industry through emails and letters with threats of litigation.

21.     Putco has asserted in these emails and letters that Aurora's products infringe the '796 Patent.

22.     The Aurora LED Products do not infringe any valid and enforceable claim of the '796 Patent.

23.     Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Aurora, Aurora LED and Putco of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

24.     Aurora and Aurora LED are entitled to a declaratory judgment that Aurora and Aurora LED have not infringed and are not now infringing, directly, contributorily, or by

inducement, any valid and enforceable claim of the '796 Patent by manufacturing, importing, using, selling or offering for sale the Aurora LED Products.

25.     Aurora and Aurora LED are also entitled to a declaratory judgment that Aurora and Aurora LED's customers have not infringed and are not now infringing, directly, contributorily, or by inducement, any valid and enforceable claim of the '796 Patent by importing, using, selling or offering for sale the Aurora LED Products, separately, or in combination with or upon incorporation into another device or system.

**Count II**
**Declaratory Relief for Invalidity of the '796 Patent**

26.     Aurora and Aurora LED reallege and incorporate herein by reference Paragraphs 1 through 25 of this Complaint.

27.     Upon information and belief, many of the claims in the '796 Patent should be invalidated as covering or allegedly covering subject matter that was undeniably prior art before Putco applied for patent protection.

28.     The '796 Patent is invalid for failure to meet one or more of the requirements of patentability under 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103 and/or 112.

29.     Putco's '796 Patent is invalid because the alleged inventions claimed therein are anticipated by the pertinent prior art and thus fail to satisfy the conditions for patentability set forth in 35 U.S.C. §102.

30.     The claims of Putco's '796 Patent is invalid in that the difference between the subject matter of such claims and the prior art is such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter of the invention pertains as set forth in 35 U.S.C. §103.

31.     Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Aurora, Aurora LED and Putco of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

32.     Accordingly, Aurora and Aurora LED are entitled to a declaratory judgment that any or all claims of the '796 Patent is invalid.

## Count III
### Declaratory Relief for Unenforceability of the '796 Patent

33.     Aurora and Aurora LED reallege and incorporate herein by reference Paragraphs 1 through 32 of this Complaint.

34.     Upon information and belief, the claims of the '796 Patent are unenforceable under 35 U.S.C. § 282 due to Putco's fraud and inequitable conduct during the prosecution of the '796 Patent, including but not limited to make affirmative misrepresentations of material facts and failed to disclose known material information to the PTO with the intent to deceive.

35.     Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Aurora, Aurora LED and Putco of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

36.     Aurora and Aurora LED are entitled to a declaratory judgment that the '796 Patent is unenforceable due to Putco's fraud and inequitable conduct before the United States Patent and Trademark Office.

## Count IV
### Infringement of the '049 Patent

37.     Aurora and Aurora LED reallege and incorporate by reference the allegations set forth in Paragraphs 1 through 36.

6

38.     Upon information and belief, Putco has infringed, and continues to infringe one or more claims of the '049 Patent through the manufacture, use, importation, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271(a), (b) and (c).

39.     Upon information and belief, Putco has actively induced the infringement of, and/or contributed to the infringement of one of more claims of the '049 Patent in violation of 35 U.S.C. §271 (a), (b) and (c).

40.     Upon information and belief, Putco's infringement of the '049 Patent has been willful and deliberate, entitling Putco to enhanced damages and making this an exceptional case within the meaning of 35 U.S.C. § 285.

41.     Upon information and belief, Putco will continue to infringe the '049 Patent unless and until they are enjoined by this Court.

42.     Putco has caused, and will continue to cause, Plaintiffs irreparable injury and damages by infringing the '049 Patent. Plaintiffs will suffer further irreparable injury, for which Plaintiffs are entitled to receive preliminary and permanent injunctive relief, and damages pursuant to 35 U.S.C. § 284 in an amount to be proven at trial.

43.     Putco will continue to infringe '049 Patent unless and until Putco is enjoined from infringing the '049 Patent by this Court.

**Count V**
**Tortious Interference with Contractual Relations**

44.     Aurora and Aurora LED reallege and incorporate by reference the allegations set forth in Paragraphs 1 through 43.

45.     A contractual relationship exists between Aurora, Aurora LED and their customers of Aurora LED Products.

46.     Putco has knowledge of and has intentionally and unjustifiably interfered with, and/or has knowingly facilitated a conspiracy to interfere with, these contracts between Aurora, Aurora LED and their customers.

47.     Specifically, but without limitation, Putco knew that Aurora and Aurora LED have contractual relationships with their customers in U.S. and Canada of the Aurora LED Products. Putco interfered with these relationships by, *inter alia*, threatening lawsuits and sending emails and letters to Aurora and Aurora LED's customers to induce them to breach their contracts with Aurora and Aurora LED.

48.     Putco engaged in the acts of interference set forth herein with a conscious desire to induce breach of contract, or Putco knew that breach of contract was certain or substantially certain to occur as a result of their conduct.

49.     Aurora and Aurora LED have been proximately damaged and continue to be damaged as a result of Putco's interference.

50.     There is no adequate remedy at law to fully compensate Aurora and Aurora LED for the harm caused by Putco's tortious interference.

**Count VI**
**Deceptive Acts and Practices—New York General Business Law § 349**

51.     Aurora and Aurora LED reallege and incorporate by reference the allegations set forth in Paragraphs 1 through 50.

52.     Putco, without Aurora and Aurora LED's authorization or consent, and having knowledge of Aurora's intellectual property rights, has distributed, advertised, offered for sale, and/or sold its Putco Infringing Products to the consuming public in violation of New York General Business Law § 349.

53.     Putco's use of simulation and infringing versions of Aurora's intellectual property, is likely to cause and is causing confusion, mistake, and deception as to the origin of Putco's infringing LED products, and is likely to deceive, mislead, and confuse as to where Putco's infringing products originate from, are associated with, or are otherwise authorized.

54.     Putco's deceptive acts and practices involve public sales activities of a recurring nature.

55.     Putco's acts have caused and continue to cause Aurora and Aurora LED irreparable harm unless enjoined by this Court.

**Count VII**
**Unfair Competition, False Designation of Origin—15 U.S.C. § 1125(a), Lanham Act § 43(a)**

56.     Aurora and Aurora LED reallege and incorporate by reference the allegations set forth in Paragraphs 1 through 55.

57.     Putco is passing off its Infringing Products as patent-protected products and is competing unfairly by threatening litigation and sending emails and letters to Aurora and Aurora LED's customers to foreclose them from purchasing Aurora LED Products. Putco's conducts have caused ongoing injury to Aurora and Aurora LED, preventing them from leveraging their own intellectual properties and good will and unjustly benefitting Putco.

58.     Putco has false designated the origin of Putco Infringing Products, and has competed unfairly with Aurora and Aurora LED in violation of 15 U.S.C. § 1125(a).

59.     Putco's acts of false designation of origin and unfair competition have been done willfully and deliberately.

60.     Putco intends to continue its wrongful, willful acts unless restrained by this Court.

61.     Putco's violations of 15 U.S.C. § 1125(a) entitle Aurora and Aurora LED to recover damages, including but not limited to Putco's profits from the sale of all infringing

products, actual damages, treble damages, litigation costs, and attorney's fees. Putco's acts have damaged and will continue to damage Aurora and Aurora LED that will continue to suffer, immediate and irreparable harm.

### Count VIII
### Unfair Competition—New York Common Law

62.     Aurora and Aurora LED reallege and incorporate by reference the allegations set forth in Paragraphs 1 through 61.

63.     Putco's actions constitute unfair competition in violation of the common law of the State of New York.

64.     As a direct and proximate result of the wrongful conduct of Putco, Aurora and Aurora LED have suffered and continue to suffer irreparable injury.

65.     As a direct and proximate result of the wrongful conduct of Putco, Aurora and Aurora LED have suffered and continue to suffer damages.

### Prayer for Relief

WHEREFORE, Aurora and Aurora LED respectfully request that this Court enter a Judgment and Order:

A.  Declaring United States Patent No. 9,243,796B1 invalid;

B.  Declaring United States Patent No. 9,243,796B1 unenforceable;

C.  Declaring that Aurora and Aurora LED have not infringed and is not now infringing, directly, contributorily, or by inducement, any valid and enforceable claim of United States Patent Nos. 9,243,796B1;

D.  Declaring that Aurora and Aurora LED's customers have not infringed and are not now infringing, directly, contributorily, or by inducement, any valid and enforceable claim of United States Patent No. 9,243,796B1 by importing, using, selling or

offering for sale the Aurora LED Products, separately, or in combination with or upon incorporation into another device;

E.  Preliminary and permanently enjoining Putco from commencing or proceeding with any legal action arising out of United States Patent No. 9,243,796B1 against Aurora, Aurora LED or any of Aurora's customers;

F.  That Putco has infringed the '049 Patent through the manufacture, use, importation, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271(a), (b) and (c);

G.  Pursuant to 35 U.S.C. § 283, a preliminary and permanent injunction enjoining Putco and their officers, agents, servants, employees, attorneys and all others in active concert and/or participation with them from infringing the '049 Patent through the manufacture, use, importation, offer for sale, and/or sale of infringing products and/or any of the other acts prohibited by 35 U.S.C. § 271(a), (b), and (c);

H.  Pursuant to 35 U.S.C. § 284, an award to Aurora and Aurora LED of damages adequate to compensate Aurora and Aurora LED for infringement of the '049 Patent by payment of not less than a reasonable royalty on Putco's sales of infringing products, and including lost profits, together with pre-judgment and post-judgment interest and costs;

I.  Pursuant to 35 U.S.C. § 285, a finding that this is an exceptional case, and an award to Aurora and Aurora LED of their reasonable costs and attorneys' fees;

J.  That Putco has tortuously interfered with contractual relations between Aurora, Aurora LED and their customers;

K. That Putco has committed deceptive acts and practices in violation of New York General Business Law§ 349;

L. That Putco has committed acts of unfair competition; and

M. That Aurora and Aurora LED be granted such other and further relief as the Court deems just and proper.

**Demand for Jury Trial**

Plaintiffs demand a trial by jury on all triable issues.

Respectfully Submitted,

Dated: Queens, New York
     March 27, 2018

KEVIN KERVENG TUNG, P.C.
Attorneys for Plaintiffs

/s/ *Kevin K. Tung*
Kevin K. Tung, Esq. (KT-1478)
136-20 38th Avenue, Suite 3D
Flushing, New York 11354
(718) 939-4633